IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY RICE, Inmate #N-56241,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-773-JLF** |
| ) | |
| **CHARLES HINSLEY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff claims that in December 2004, Defendants Hinsley, Uchtman and Dierks forced him to submit to a DNA test, pursuant to state statute. *See* 730 ILCS § 5/5-4-3. He claims that such

action violates his civil rights and human rights, and that the statute at issue does not apply to him. He further alleges that Defendant Tucker violated his rights by somehow depriving him of his right to exhaust his administrative remedies with respect to the forced DNA testing. For these injustices, Plaintiff seeks $1,000,000 in damages from each defendant.

At the time in question, the statute stated:

> Any person convicted of . . . any offense classified as a felony under Illinois law, . . . shall, regardless of the sentence or disposition imposed, be required to submit specimens of blood, saliva, or tissue to the Illinois Department of State Police in accordance with the provisions of this Section, provided such person is:
>
> (1) convicted of a qualifying offense or attempt of a qualifying offense on or after July 1, 1990 and sentenced to a term of imprisonment, periodic imprisonment, fine, probation, conditional discharge or any other form of sentence, or given a disposition of court supervision for the offense;

730 ILCS 5/5-4-3(a)(1) (effective Jan. 1, 2004, to Dec. 31, 2004).

The Court takes judicial notice of Plaintiff's record, as it appears on the website of the Illinois Department of Corrections.[1] According to those records, Plaintiff's current incarceration, a term of 30 years, stems from a 1992 conviction for "murder/intent to kill/injure" in St. Clair County, Illinois.. Such a conviction certainly qualifies as a "felony under Illinois law" which occurred "after July 1, 1990" for which Plaintiff was "sentenced to a term of imprisonment." Therefore, Plaintiff's contention – that the statute does not apply to him – is simply without merit.

Further, any claim regarding the constitutionality of this statute has been foreclosed by the Seventh Circuit. *Gilbert v. Peters*, 55 F.3d 237, 238-39 (7th Cir. 1995) (holding that requiring prisoners convicted prior to enactment of statute to comply with its terms does not violate Ex Post

---

[1] *See* http://www.idoc.state.il.us/subsections/search/inms.asp, accessed December 13, 2006.  *See also People v. Rice*, Case No. 92CF965 (St. Clair County, Illinois).

Facto clause).  *See also Green v. Berge*, 354 F.3d 675, 677-78 (7th Cir. 2004) (holding Wisconsin statute requiring all incarcerated felons to provide DNA samples for state data bank does not violate Fourth Amendment under "special needs" doctrine).

Finally, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Therefore, Plaintiff's claim against Tucker is also without merit.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**
**DATED:  December 14, 2006.**

                                              **s/ James L. Foreman**
                                              **DISTRICT JUDGE**